995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pasquale RUTULANTE, Petitioner-Appellant,
v.
James H. GOMEZ, Director; Attorney General of California,
Respondents-Appellees.
 No. 92-56213.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Decided May 28, 1993.
 
 1
 Before KOZINSKI, SUHRHEINRICH,*** and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 We review de novo the district court's denial of a habeas petition. McSherry v. Block, 880 F.2d 1049, 1051 (9th Cir.1989), cert. denied, 111 S.Ct. 1404 (1991).
 
 A. Ineffective Assistance of Counsel
 
 4
 Rutulante has failed to establish ineffective assistance of counsel because he has not shown that his counsel's performance was deficient and that such deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, Rutulante has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, ... the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted).
 
 
 5
 (1) Alibi Investigation
 
 
 6
 Rutulante contends that his counsel was ineffective because he failed to investigate Rutulante's alibi defense. However, aside from Rutulante's blanket statement that he was working in another state at the time the police conducted surveillance at the "Ranch" (which formed the basis of his arrest), he does not produce any evidence to corroborate his alibi claim. As the magistrate notes, Rutulante does not even indicate the work he was performing, in which state he was working, or for whom he was working. Hence, he has established neither prejudice nor ineffective assistance of counsel.
 
 
 7
 (2) Continuance
 
 
 8
 Rutulante next argues that his counsel should have moved for a continuance to investigate the applicable law regarding sufficiency of search warrants and the elements of "knowledge" and "dominion and control" required for possession. However, his counsel had thirteen days to prepare for the preliminary hearing. In fact, Rutulante does not even establish that his counsel failed to investigate the law. His counsel's failure to move for a continuance did not exceed the wide bounds of latitude counsel has in making tactical decisions. See Strickland, 466 U.S. at 689. Nor was it beyond reasonable and professional judgment. Id.
 
 
 9
 (3) Adequacy of Search Warrant
 
 
 10
 Rutulante claims that his counsel was ineffective because he did not challenge the search warrant which led to his arrest. Nonetheless, Rutulante has not shown ineffective assistance on this basis because he has not proved that his Fourth Amendment claim is meritorious. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). The search warrant was based upon both extensive police surveillance of the "Ranch" and Officer Kearney's affidavit explaining his past experience with drug traffickers. Both provided a valid and substantial basis for probable cause. See United States v. Fannin, 817 F.2d 1379, 1381-82 (9th Cir.1987). Because this court accords great deference to determinations of probable cause and will only reverse if the determination is clearly erroneous, United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990), Rutulante's counsel had no basis to challenge the valid search warrant, and his failure to do so does not constitute ineffective assistance of counsel.
 
 
 11
 Rutulante also asserts that the warrant did not satisfy the specificity requirement because it did not adequately describe the Ryder truck (containing cocaine) which he was driving when he was arrested. This claim lacks merit. A warrant need only be "reasonably specific." Fannin, 817 F.2d at 1383. The warrant permitted the police to search a "Ryder truck, yellow in color, with the word RYDER written on the sides in black." The Ryder truck was tied to the Ranch location through the surveillance of the narcotics agents who had seen it parked there for over a week. When the agents saw the truck leave the Ranch, they notified Officer Kearney by radio that it was leaving and he followed it at that point. There was enough evidence to indicate that the Ryder truck which left the Ranch was the same truck Officer Kearney searched. The description in the warrant is sufficient to pass constitutional muster and Rutulante's counsel was not ineffective for not challenging the warrant on that basis.
 
 
 12
 (4) Sufficiency of Evidence
 
 
 13
 Rutulante claims that his counsel failed to make a "meaningful" objection to the sufficiency of evidence against him; however, once again his claim lacks merit. His counsel did in fact object to sufficiency of the evidence and just because the court did not accept that argument does not render his counsel ineffective.
 
 
 14
 (5) Challenging Prosecution's Case
 
 
 15
 Rutulante throws in a catch-all argument claiming that his counsel was generally ineffective and presumptively incompetent because he failed to challenge the prosecutor's case in a meaningful manner. See United States v. Cronic, 466 U.S. 648 (1984). In light of the evidence against Rutulante, counsel's advice to plead guilty was within the bounds of reasonable, professional judgment.
 
 
 16
 All of Rutulante's ineffective assistance claims require us to second-guess counsel's performance contrary to Strickland. See 466 U.S. at 689 (reviewing courts must avoid both second-guessing counsel and the distorting effects of hindsight). We decline to do so.[1]
 
 B. Guilty Plea
 
 17
 Rutulante next contends that his guilty plea was involuntary and induced by threats from other prison inmates, the "Mexican Mafia," who threatened his life and stabbed him in order to obtain money from him for infringing on their "gang turf." Nonetheless, we find that no one induced Rutulante to plead guilty.
 
 
 18
 The guilty plea in this case was the result of Rutulante's voluntary choice. See Brady v. United States, 397 U.S. 742, 748 (1970). First, the trial court determined that there was a factual basis for the plea. Second, Rutulante's statements to the court indicated that he was entering the plea voluntarily. He responded "No" when the court questioned him as to whether anyone had induced him to enter the guilty plea by: (1) using force or violence against him or anyone dear to him, or (2) threatening him or anyone dear to him. He also responded "No" when asked whether anyone had made promises or suggestions of a lighter sentence if he pled guilty.
 
 
 19
 Both the representations of the defendant in open court and the findings of the trial court constitute a "formidable barrier" when a defendant attempts to challenge them in a collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." Id. at 74. Rutulante has failed to overcome this strong presumption.
 
 C. Ex Post Facto Clause/Due Process
 
 20
 Finally, Rutulante contends that because his sentence exceeds twice the number of years imposed as a base level, he was sentenced in violation of California Penal Code § 1170.1 which was not permissible at the time he was sentenced. He claims that imposition of this violates both the Due Process and Ex Post Facto Clauses. We disagree.
 
 
 21
 In a related case recently decided, Aponte v. Gomez, No. 92-55937, slip op. 5171 (9th Cir. May 19, 1993), we rejected the same contentions Rutulante posits here. Id. We held in Aponte that imposition of the ten-year enhancement pursuant to § 11370.4 violates neither the Due Process Clause nor the Ex Post Facto Clause. Id. at 5177-78. Therefore, Rutulante's claims lack merit.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rutulante has raised several other arguments, including improper "forum shopping" when the police obtained the warrant and staleness of the warrant. We have considered Rutulante's other contentions and conclude they are without merit